Matter of White v New York State Div. of Human Rights (2018 NY Slip Op 02410)





Matter of White v New York State Div. of Human Rights


2018 NY Slip Op 02410


Decided on April 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 5, 2018

Richter, J.P., Manzanet-Daniels, Andrias, Kapnick, Webber, JJ.


6194 101029/16

[*1]In re Barbara White, Petitioner,
v
New York State Division of Human Rights (NYS DHR), et al., Respondents.


Barbara White, petitioner pro se.
Goldberg and Weinberger LLC, New York (Lewis Goldberg of counsel), for respondents.



Final order of respondent New York State Division of Human Rights, dated April 29, 2016, which adopted the recommended order of the Administrative Law Judge, dismissing petitioner's disability and housing discrimination complaint, unanimously confirmed, the petition denied, and the proceeding (transferred to this Court pursuant to Executive Law § 298 and 22 NYCRR 202.57[c] by order of Supreme Court, New York County [Lucy Billings, J.], entered December 6, 2016) dismissed, without costs.
This Court's review of respondent DHR's determination is limited to whether it is supported by substantial evidence in the record (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights , 45 NY2d 176, 181 [1978]). Substantial evidence consists of "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (id. at 180; accord Matter of City of New York v New York State Div. of Human Rights , 228 AD2d 255, 257 [1st Dept 1996]). Moreover, DHR's factual determinations should be given "substantial deference" (Matter of State Div. of Human Rights v County of Onondaga Sheriff's Dept ., 71 NY2d 623, 630 [1988]). Under this standard, this Court may not substitute its judgment for the agency's, even if a contrary decision might have been reasonable (see Ebasco Servs. v New York State Div. of Human Rights , 234 AD2d 80 [1st Dept 1996]).
Accordingly, we are constrained by precedent to uphold the determination. We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 5, 2018
CLERK